# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE W. HARRIS,<br><br>   Plaintiff,<br><br> v.<br><br>DR. JHAMOU, *et al.*,<br><br>   Defendants. | Case No. 1:19-cv-01408-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT, AND DENYING, WITHOUT PREJUDICE, PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 8) |

  Plaintiff Antoine W. Harris is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

  On January 16, 2020, the Court screened Plaintiff's complaint and found that Plaintiff failed to state a cognizable claim for relief. (ECF No. 7.) The Court ordered Plaintiff to file a first amended complaint within thirty (30) days from the date of service of the order. (Id. at 9.)

  Currently before the Court is Plaintiff's motion for an extension of time to file a first amended complaint and Plaintiff's second motion for appointment of counsel, filed on January 30, 2020. (ECF No. 8.) Plaintiff asserts that he needs an extension of time to file a first amended complaint and the Court should appoint counsel to represent him because the issues involved in this case are complicated, he does not have any access to a law library, and he does not have the legal knowledge to understand how to correctly amend his complaint to satisfy the Court's standards.

1

With regards to Plaintiff's request for an extension of time, the Court finds good cause to grant the requested extension of time. Fed. R. Civ. P. 6(b). However, the Court notes that the January 16, 2020 screening order set forth the relevant pleading and legal standards for Plaintiff, including the required elements necessary to plead cognizable claims for deliberate indifference to serious medical needs, Monell liability, and for holding a private hospital that contracted with the California prison system liable under § 1983. These matters are fact-based, and, thus, legal research is not required to comply with the screening order. Therefore, Plaintiff's motion for an extension of time is granted.

With regards to Plaintiff's second request for appointment of counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

The Court has considered Plaintiff's second request for appointed counsel, but, once again, does not find the required exceptional circumstances. First, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant appointment of counsel. Second, Plaintiff's apprehension with pursuing this case on his own, while understandable, is not sufficient grounds for appointing counsel. See Wilborn v.

Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.").

Third, "a plaintiff's statement that he lacks law library access, standing alone, will not automatically result in the appointment of counsel." Pleasant v. Warner, No. 3:19-cv-05249-RJB-JRC, 2019 WL 2357929, at *3 (W.D. Wash. Jun. 4, 2019); see also Williams v. Waddington, No. C07-5216-RBL-KLS, 2007 WL 2471674, at *1 (W.D. Wash. Aug. 29, 2007); Moore v. Philips, No. 10-cv-3273, 2010 WL 5067823, at *1-2 (C.D. Ill. Dec. 7, 2010). Fourth, while Plaintiff alleges that the issues involved in this case are complex, the Court has reviewed Plaintiff's complaint and finds that Plaintiff's claims do not appear to present novel or complex issues of substantive law, and that Plaintiff is able to clearly articulate his claims. Fifth, and finally, Plaintiff has not established that he has a likelihood of succeeding on the merits of any of his claims.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file a first amended complaint, (ECF No. 8), is GRANTED;
2. The Clerk's office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified in the Court's January 16, 2020 screening order; and
4. <u>If Plaintiff fails to comply with this order, the Court will recommend to the District Judge that this action be dismissed for failure to state a claim, failure to prosecute, and failure to obey a court order</u>; and

///
///
///
///
///

3

5. Plaintiff's second motion for appointment of counsel, (ECF No. 8), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **February 3, 2020**

_____
UNITED STATES MAGISTRATE JUDGE