UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE W. HARRIS,<br><br>   Plaintiff,<br><br>   v.<br><br>DR. JHAMOU, *et.al.*,<br><br>   Defendants. | No. 1:19-cv-01408-NONE-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(Doc. No. 12) |

Plaintiff Antoine W. Harris, appearing *pro se* and *in forma pauperis*, brought this civil rights action under 42 U.S.C. § 1983 against his former neurologist, defendant Dr. Jhamou, at Adventist Health Bakersfield (formerly San Joaquin Community Hospital). (Doc. Nos. 1 at 2; 7 at 7.) Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, this matter was referred to a United States Magistrate Judge for screening. After the assigned magistrate judge found that plaintiff's initial complaint failed to state a cognizable claim for relief and granted leave to amend, (Doc. No. 7), plaintiff filed the operative first amended complaint (FAC) on February 13, 2020, (Doc. No. 10). On March 13, 2020, the magistrate judge found that the FAC was still legally deficient and recommended that this action be dismissed with prejudice. (Doc. No. 12.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within thirty days after service. (*Id*.) Plaintiff filed objections

on March 30, 2020.  (Doc. No. 13.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case and carefully reviewed relevant records. Overall, the FAC is "substantially similar to Plaintiff's original complaint" and reflects the same pleading defects identified in the first screening order.  (Doc. No. 12 at 8.)  Specifically, plaintiff still fails to allege facts establishing that defendant Dr. Jhamou violated his Eighth Amendment rights by providing him inadequate medical care with deliberate indifference.  (*Id.* at 4-8.)  Thus, there is no reason for the court to depart from the analysis set forth in the magistrate judge's findings and recommendations.  In his objections, plaintiff argues that the failure to allege the required facts is not because he has no viable claims, but because the magistrate judge's screening order is incomprehensible to him as a layman.   (Doc. No. 13 at 1-2.)  Plaintiff contends that he did not understand what he needed to plead.  (*Id.*)

The court disagrees with plaintiff's characterization of the screening order.  For instance, that screening order details how the allegation that defendant Dr. Jhamou negligently misdiagnosed plaintiff's medical condition alone is not sufficient to rise to the level of deliberate indifference because plaintiff must allege facts showing how the defendant was aware of the substantial risk to plaintiff and consciously disregarded that risk.  (*See* Doc. No. 7 at 4-7.) Allegations of mere negligence are insufficient to state a constitutional claim in this regard. Despite this direction, in his FAC plaintiff simply re-alleges that defendant Dr. Jhamou negligently misdiagnosed him without any more explanation.  (*See* Doc. No. 10 at 4-6.)  The court also agrees with the magistrate judge's finding that the circumstances here do not support the granting of plaintiff's third request for appointment of counsel.  (*See id.* at 7-8.)  Finally, the undersigned agrees with the conclusion that, under these circumstances and given the direction provided in the screening order, that the granting of further leave to amend would be futile. (Id. at 8-9.)

Accordingly,

1. The findings and recommendations issued on March 13, 2020 (Doc. No. 12) are adopted in full;

2. The instant action is dismissed with prejudice for failure to state a cognizable claim for relief; and

3. The clerk of the court is directed to assign a district judge to this case for the purpose of closing the case and then to close this case.

IT IS SO ORDERED.

Dated: **May 19, 2020**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE